RYAN, Judge
(dissenting):
It is undoubtedly true that a magistrate’s finding of probable cause “should be paid great deference.” Illinois v. Gates, 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (quoting Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) (quotation marks omitted)). But that deference is “not boundless.” United States v. Leon, 468 U.S. 897, 914, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). “Probable cause to search exists when there is a reasonable belief that the ... evidence sought is located in the place or on the person to be searched.” Military Rule of Evidence (M.R.E.) 315(f)(2). “In the typical case where the police seek permission to search a house for an item they believe is already located there, the magistrate’s determination that there is probable cause for the search amounts to a prediction that the item will still be there when the warrant is executed.” United States v. Grubbs, 547 U.S. 90, 95, 126 S.Ct. 1494, 164 L.Ed.2d 195 (2006). Because I do not agree that the facts presented to the magistrate in Special Agent White’s affidavit and briefing supported a prediction that child pornography had ever been in Appellant’s dormitory room, let alone was still there at the time of the search, I respectfully dissent.[1]
As defined in M.R.E. 315(f)(2), a finding of probable cause “encompasses showing a nexus to the place to be searched.” United States v. Gallo, 55 M.J. 418, 421 (C.A.A.F.2001); see also Gates, 462 U.S. at 238, 103 S.Ct. 2317 (defining probable cause as “a fair probability that contraband or evidence of a crime will be found in a particular place") (emphasis added). In this case, the fact that Appellant had once accessed a child pornography website was central to the magistrate’s finding of probable cause to search Appellant’s room. But the affidavit did not provide sufficient information to support the inference that this access resulted in Appellant possessing child pornography, let alone that child pornography was in his room. The affidavit merely stated that Appellant “had accessed a fee for service web site known to traffic and display child pornographic images,” and contained the agent’s unsupported supposition that Appellant “has used his computer system to facilitate the possession/distribution of child pornography.” (emphasis added). There is no evidence the agents verified that Appellant actually owned a home computer or had Internet access in his room. The affidavit does not indicate the location of the computer Appellant used;[2] it does not, for example, provide an Internet Protocol (IP) address for that computer. Nor does it provide information that Appellant purchased or downloaded child pornography from the website.
The affidavit’s use of profile information related to “child pornographers and those with a sexual interest in children” cannot *222 mitigate the scarcity of detail in the affidavit. According to this profile, such people “almost always maintain and possess child pornography materials” and store them “in a secure but accessible location, which is within their immediate control, such as in the privacy and security of their own homes, most often in their personal bedrooms.” Reliance on this profile is problematic, and I cannot agree that all the government ever need do to defeat nexus concerns is provide boilerplate language about the habits of the theoretical “collector.”
In this case, nowhere does the affidavit specifically conclude that Appellant fits the “collector” profile because he possessed child pornography, is a “child pornographer,” or a person “with a sexual interest in children.” Admittedly, Appellant indicated an interest in viewing child pornography when he responded to the Eclipse Films survey and an interest in acquiring child pornography when he ordered two videos to be sent to him through the mail. But an express desire to have child pornography delivered to one’s home in the future does not by itself support an inference that Appellant previously possessed child pornography in that home, or anywhere else.[3] It is by no means axiomatic that a person who expresses an interest in owning something actually already has possessed it, particularly when that thing is contraband. While it is logical to infer that the website subscription gave Appellant access to child pornography, the affidavit neither informs the magistrate where the access occurred nor indicates that Appellant actually downloaded any images to possess in his room or elsewhere.[4]
Although we have previously credited expert reference to “profile evidence” in cases involving child pornography, we have done so when there were “other factors” to “bolster the opinion as to where the child pornography might be found in appellant’s home.” Gallo, 55 M.J. at 422. In Gallo, the affidavit supporting the request to search the appellant’s home indicated that: (1) the appellant fit the profile of a pedophile; (2) the appellant had advertised for and solicited child pornography; (3) 262 pictures had been found on the appellant’s work computer; and (4) the appellant had downloaded and uploaded child pornography from his work computer. Id. Here, however, there were not sufficient “other factors” to allow the magistrate to rely on the profile.
Finally, even assuming the evidence supported an inference that Appellant previously possessed child pornography, the critical fact supporting that inference — access to the website — occurred fourteen months prior to the search authorization application. This fact was not disclosed to the magistrate either in the affidavit or in person. This omission is important because “the passage of time at some point results in the likelihood that the goods [sought] will no longer be in the original location.” United States v. Lopez, 35 M.J. 35, 38 (C.M.A.1992). Although the majority states that as a result of the omission “the affidavit in general is unreliable and lacks credibility,” they do not find this to be a significant problem. Macomber, 67 M.J. at 220. While it is true that staleness depends in part on the nature of the evidence sought, and in general we have credited expert opinion that certain people tend to retain child pornography for a long *223 time, United States v. Leedy, 65 M.J. 208, 216 (C.A.A.F.2007), I disagree that the opinion should be accepted in this case. Here, the magistrate did not know how old the information was, and therefore he could not assess whether it was reasonable for him to rely on the profile to determine that the evidence sought existed anywhere, let alone in Appellant’s room.
We are left, in the end, with nothing more than the facts that Appellant has a disturbing interest in child pornography and fourteen months previously had paid to access a website that contained it from an unknown computer. Because these facts neither establish a sufficient nexus between Appellant’s room and the child pornography nor support a reasonable belief that Appellant possessed child pornography at all, the magistrate’s conclusion that child pornography would specifically be found in Appellant’s room is less a “practical, common-sense decision,” Gates, 462 U.S. at 238, 103 S.Ct. 2317, and more a leap of faith. Such a leap does not reflect the substantial basis required to conclude that there was probable cause to search Appellant’s dorm room. In addition, because the sparse details in the affidavit required such a leap to be made, and because the agent omitted information about when the website was accessed, the affidavit was “so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.” Leon, 468 U.S. at 923, 104 S.Ct. 3405 (quoting Brown v. Illinois, 422 U.S. 590, 610-11, 95 S.Ct. 2254, 45 L.Ed.2d 416 (Powell, J., concurring in part)). The affidavit simply failed to provide information from which a nexus between the items sought and the location to be searched could be found. Under these circumstances, the good faith exception of M.R.E. 311(b)(3) does not apply. See United States v. Carter, 54 M.J. 414, 421-22 (C.A.A.F.2001) (acknowledging that M.R.E. 311(b)(3) was intended to incorporate the good faith exception as outlined in Leon).
I would reverse the Air Force Court of Criminal Appeals and find the military judge erred in denying the motion to suppress the evidence seized in Appellant’s dormitory room.

. Moreover, while these same facts certainly demonstrate that Appellant has interests that are perverse, they do not establish a "reasonable belief” that he ever possessed child pornography, either at the time he accessed the website or at the time the search authorization was sought. M.R.E. 315(f)(2).

. The Stipulation of Fact states that the federal investigation revealed Appellant provided his dormitory address when he subscribed to the website, but this does not tell us anything about where Appellant was located at the time the "fee for service web site” was accessed. Presumably, Appellant was required to use his home address when he paid for his subscription with his credit card.

. The fact that Appellant instructed Eclipse Films to address the video package to him at his dormitory would undoubtedly have provided probable cause for an anticipatory warrant to be executed once Appellant brought the package back to his room. See Grubbs, 547 U.S. at 95-97, 126 S.Ct. 1494. But it is does not support an inference that he already possessed child pornography in his room.

. Nor does the affidavit indicate the number or kind of images Appellant viewed on the LustGal-lery site. And the absence of information about where the access occurred is especially problematic when that access is used to support the inference that he possessed child pornography: if Appellant did nothing more than view images on a public computer, under our case law his actions would not have ipso facto established the offense of possession of child pornography. See United. States v. Navrestad, 66 M.J. 262, 267-68 (C.A.A.F.2008) (holding that the appellant’s act of viewing files containing child pornography on a computer at an Internet café did not amount to possession because appellant "lacked the dominion and control necessary to constitute” the offense).